In the Matter of JONATHAN H. SHERWOOD, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 29, 1990

## APPEARANCES OF COUNSEL

*Gary L. Casella (Leslie S. Evans* of counsel), for petitioner.

*Connors, Corcoran, Hall & Meyering (Charles A. Hall* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding the respondent was charged with four allegations of professional misconduct. The Special Referee sustained Charge One and failed to sustain Charges Two, Three, and Four.

Charge One alleged that the respondent neglected a legal matter entrusted to him to the prejudice of his client, in that, after the decedent's death in 1978, the respondent was retained by the executor to represent the estate; that in October 1980 the respondent sold certain real property owned by the decedent for approximately $36,000 but failed to distribute to the beneficiaries of the estate any portion of moneys due them; that the respondent allowed estate assets to escheat to the State of New York; and that the respondent failed to cause to be prepared and/or submitted estate income tax returns from approximately 1978 to 1986.

Charge Two alleged that the respondent was guilty of failing to timely account to the beneficiaries of the estate regarding the assets, liabilities or disbursements of the estate.

Charge Three alleged that the respondent failed to communicate with the estate beneficiaries regarding the status of a legal matter entrusted to him, in that, in July 1984 a legatee of the estate wrote to the respondent inquiring about the status of the estate, but the respondent failed to respond to the letter; that in November 1984 the legatee again wrote to the respondent—this time using certified mail, return receipt requested—inquiring about the status of the estate; that although the letter was received, the respondent failed to respond to it; and that in October 1980 and July 1984 another legatee made inquiry of the respondent regarding the status of the estate without receiving a satisfactory answer as to when the estate would be settled.

Charge Four alleged that the respondent failed to cooperate with the Grievance Committee in its legitimate investigation of the aforementioned complaints in that he failed to timely respond to the correspondence from the Grievance Committee and ultimately it was necessary to serve the respondent with subpoenas requiring him to appear and produce documents on July 1, 1987, at which time he did appear.

The petitioner Grievance Committee moves to confirm so much of the Special Referee's report as sustained Charge One and to disaffirm so much of the report as fails to sustain

Charges Two, Three and Four. The respondent cross-moves to confirm the report of the Special Referee. After reviewing all of the evidence, we are in agreement with the report of the Special Referee insofar as it sustained the first charge of professional misconduct. We find, however, that the respondent is also guilty of the remaining charges of failing to timely account to the beneficiaries of the estate, failing to communicate with the beneficiaries of the estate, and failing to cooperate with the Grievance Committee. We therefore find the respondent guilty of all four charges of misconduct. The petitioner's motion is granted in full and the respondent's cross motion is granted only to the extent that it seeks to confirm the sustaining of Charge One, and the cross motion is otherwise denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the fact that respondent took on this matter after his father, who had first been retained, died. However, we are also mindful of the fact that on June 14, 1983, the respondent was admonished by the Grievance Committee for the Ninth Judicial District for his gross neglect of two separate estate matters. Accordingly, the respondent is suspended from the practice of law for a period of two years, commencing November 20, 1990, and until the further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm so much of the report of the Special Referee as sustained Charge One and to disaffirm so much of the report as fails to sustain Charges Two, Three and Four is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that it seeks to confirm so much of the report as sustained Charge One, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent Jonathan H. Sherwood, is suspended from the practice of law for a period of two years, commencing November 20, 1990, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the two-year period upon furnishing satisfactory proof (a) that during the two-year period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing

the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Jonathan H. Sherwood is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.